

# THE ATTORNEY GENERAL
# OF TEXAS

December 22, 1986

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Oscar H. Mauzy
Chairman
Committee on Jurisprudence
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No. JM-586

Re: Eligibility of a defeated former district judge to serve as a visiting judge under article 200a-1, V.T.C.S.

. Dear Senator Mauzy:

You inquire whether a former district judge who has been defeated for reelection, and is otherwise eligible for assignment by the presiding judge of the administrative region, may sit in a district court on assignment. We conclude that a former district judge is not ineligible for assignment by reason of the judge's defeat for reelection.

Former article 200a, V.T.C.S., which is recodified in the judicial title of the Government Code, provided that a former district judge who, among other things, has not been defeated for reelection may be assigned to the district courts by the presiding judge of the administration district. See Gov't. Code §74.032. The Court Administration Act, codified as article 200a-1, V.T.C.S., and effective on January 1, 1936, does not contain the requirement that a former judge must have not been defeated for reelection and expressly repeals article 200a.

Attorney General Opinion JM-474 (1986) relates to a provision in former article 200a that prohibited the assignment of judges to the district courts in Harris County. That prohibition was not retained in the Court Administration Act which the legislature enacted on May 27, 1985. We concluded in Attorney General Opinion JM-474 that the prohibition against assignment in Harris County no longer exists. This office observed in that opinion that, historically, article 200a had governed the assignment of regular district judges and certain retired and former district judges to preside in the district courts of the state. See also Attorney General Opinion JM-506 (1986). Attorney General Opinion JM-474 also notes that the judicial title of the Government Code is a nonsubstantive recodification of the judiciary statutes enacted by chapter 480, Sixty-ninth Legislature, on May 17, 1985. Chapter 480 expressly repealed all of article 200a as part of the recodification and recodified without change the

provisions of article 200a that related to eligibility for assignment, including the requirement of assignment about which you inquire. See Gov't. Code §74.032(3)(B).

Also, on May 27, 1985, the legislature passed chapter 602 relating to judicial retirement, which became effective September 1, 1985 and reenacted in article 200a the eligibility requirement that a former judge must not have been defeated for reelection.

As noted in Attorney General Opinion JM-474, the Code Construction Act in section 311.031(d) of the Government Code provides that if any provision of a code conflicts with a statute enacted by the same legislature that enacted the code, the statute controls. Also, section 311.031(c) states that the repeal of a statute by a code does not affect an amendment or reenactment of the statute by the same legislature that enacted the code. While many, but not all, of the provisions of former article 200a are retained in chapter 4 of the Court Administration Act, that act expressly repealed all of article 200a effective January 1, 1986 and enacted in its place a new and more comprehensive act for the administration of the courts.

As to eligibility for assignment of a former judge, the Court Administration Act conflicts with the recodification of article 200a in section 74.032 of the Government Code, and it is our opinion that the Court Administration Act prevails. This office concluded in Attorney General Opinion JM-474 that the Court Administration Act repealed inconsistent provisions incorporated in the new Government Code. Effective January 1, 1986, the Court Administration Act expressly repealed all of article 200a, including its reenactment by chapter 602. See also Attorney General Opinion JM-506.

It is our opinion that the legislature intends the Court Administration Act to control the law on the subjects with which it deals, including the assignment of judges in the district courts of this state. Under the Court Administration Act, a former district judge who is otherwise eligible for assignment is no longer ineligible to serve as a visiting judge because the judge was defeated for reelection.

## SUMMARY

A former district judge who is otherwise eligible for assignment to the district courts of this state is not ineligible for assignment because the judge was defeated for reelection.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General